1   AMY W. SCHULMAN
    DLA PIPER LLP
2   1251 Avenue of the Americas
    New York, NY 10020
3   Telephone: (212) 335-4500
    Facsimile: (212) 335-4501
4   amy.schulman@dlapiper.com

5   STUART M. GORDON (SBN: 037477)
    GORDON & REES LLP
6   Embarcadero Center West
    275 Battery Street, Suite 2000
7   San Francisco, CA 94111
    Telephone: (415) 986-5900
8   Facsimile: (415) 986-8054
    sgordon@gordonrees.com
9
    Attorneys for Defendants
10  PFIZER INC., PHARMACIA CORPORATION
    AND G.D. SEARLE LLC
11
                    UNITED STATES DISTRICT COURT
12
                   NORTHERN DISTRICT OF CALIFORNIA
13
                        SAN FRANCISCO DIVISION
14

15  IN RE BEXTRA AND CELEBREX          )   MDL Docket No. 1699
    MARKETING, SALES PRACTICES AND     )
16  PRODUCTS LIABILITY LITIGATION      )   CASE NO. 3:08-cv-02110-CRB
                                       )
17  This document relates to           )
                                       )   **PFIZER INC., PHARMACIA
18  NETRA THOMAS,                      )   CORPORATION, AND G.D.
                                       )   SEARLE LLC'S ANSWER TO
19           Plaintiff,                )   COMPLAINT**
                                       )
20      vs.                            )   **JURY DEMAND ENDORSED
                                       )   HEREIN**
21  PFIZER, INC., PHARMACIA CORPORATION, )
    G.D. SEARLE LLC and MONSANTO       )
22  COMPANY,                           )
                                       )
23           Defendants.              )
                                       )

24          NOW COME Defendants Pfizer Inc. (improperly captioned in Plaintiff's Complaint as

25  "Pfizer, Inc.") ("Pfizer"), Pharmacia Corporation (f/k/a Monsanto Company[1]) ("Pharmacia") and

26  _____

27  [1] Plaintiff's Complaint names "Monsanto Company" as a Defendant.  Defendants state that in
    1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the
28  laws of Delaware.  On March 31, 2000, 1933 Monsanto changed its name to Pharmacia
    Corporation.  On February 9, 2000, a separate company, Monsanto Ag Company, was

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

G.D. Searle LLC ("Searle") and file this Answer to Plaintiff's Complaint ("Complaint"), and would respectfully show the Court as follows:

## I.

## PRELIMINARY STATEMENT

The Complaint does not state in sufficient detail when Plaintiff was prescribed or used Celebrex® (celocoxib) ("Celebrex®"). Accordingly, this Answer can only be drafted generally. Defendants may seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiff was prescribed and used Celebrex®.

## II.

## ORIGINAL ANSWER

### Response to Allegations Regarding Parties

Defendants admit that Plaintiff brought this civil action seeking monetary damages, but deny that Plaintiff is entitled to any relief or damages. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's age or state of residence and, therefore, deny the same.

Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants state that the remaining allegations in this paragraph of the Complaint assert legal contentions to which no response is required. To the extent that a response is

incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the agricultural business and does not and has not ever designed, produced, manufactured, sold, resold, or distributed Celebrex®. Given that Plaintiff alleges in the Complaint that Monsanto Company was involved in distributing Celebrex®, *see* PLAINTIFF'S COMPLAINT at ¶ 7, Defendants assume Plaintiff means to refer to 1933 Monsanto. As a result, Pharmacia will respond to the allegations directed at Monsanto Company.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    deemed required, Defendants deny the remaining allegations in this paragraph of the Complaint.

2         Defendants admit that Pfizer is a Delaware corporation with its principal place of

3    business in New York.  Defendants admit that Pfizer is registered to do business in the State of

4    Minnesota.  Defendants admit that Pfizer may be served through its registered agent.  Defendants

5    admit that Pharmacia acquired Searle in 2000 and that, as the result of a merger in April 2003,

6    Searle and Pharmacia became subsidiaries of Pfizer.  Defendants admit that, during certain

7    periods of time, Pfizer and Pharmacia co-promoted and marketed Celebrex® in the United

8    States, including Minnesota, to be prescribed by healthcare providers who are by law authorized

9    to prescribe drugs in accordance with their approval by the FDA.  Defendants state that

10   Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants

11   are without knowledge or information to form a belief as to the truth of such allegations, and,

12   therefore, deny the same.  Defendants deny the remaining allegations in this paragraph of the

13   Complaint.

14        Defendants admit that Searle is a Delaware limited liability company with its principal

15   place of business in Illinois.  Defendants admit that Pharmacia acquired Searle in 2000 and that,

16   as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

17   Defendants admit that, during certain periods of time, Celebrex® was manufactured and

18   packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex®

19   in the United States to be prescribed by healthcare providers who are by law authorized to

20   prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining

21   allegations in this paragraph of the Complaint.

22        Defendants admit that Pharmacia is a Delaware corporation with its principal place of

23   business in New Jersey.  Defendants admit that Pharmacia acquired Searle in 2000 and that, as

24   the result of a merger in April 2003, Searle and Pharmacia became subsidiaries of Pfizer.

25   Defendants admit that, during certain periods of time, Pharmacia marketed and co-promoted

26   Celebrex® in the United States to be prescribed by healthcare providers who are by law

27   authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny

28   the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-02110-CRB

1    Defendants admit that in 1933 an entity known as Monsanto Company ("1933

2  Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of

3  1933 Monsanto merged with Pharmacia & Upjohn, Inc, and 1933 Monsanto changed its name to

4  Pharmacia Corporation. On February 9, 2000, a separate company, Monsanto Ag Company, was

5  incorporated under the laws of Delaware. On March 31, 2000, Monsanto Ag Company changed

6  its name to Monsanto Company ("2000 Monsanto"). The 2000 Monsanto is engaged in the

7  agricultural business and does not and has not ever manufactured, marketed, sold, or distributed

8  Celebrex®. The 2000 Monsanto is not and has never been the parent of either Searle or

9  Pharmacia. As the 2000 Monsanto does not and has not ever manufactured, marketed, sold, or

10  distributed Celebrex®, Defendants therefore state that the 2000 Monsanto is not a proper party in

11  this matter. Defendants deny the remaining allegations in this paragraph of the Complaint.

12  Defendants state that the response to this paragraph of the Complaint regarding Monsanto is

13  incorporated by reference into Defendants' responses to each and every paragraph of the

14  Complaint referring to Monsanto and/or Defendants.

15    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

16  co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

17  law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

18  admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

19  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

20  to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

21  accordance with their approval by the FDA. Defendants admit that Pharmacia acquired Searle in

22  2000 and that, as the result of a merger in April 2003, Searle and Pharmacia became subsidiaries

23  of Pfizer. Defendants deny the remaining allegations in this paragraph of the Complaint.

24    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

25  co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

26  law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

27  admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

28  which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-4-

to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that the allegations in this paragraph of the Complaint regarding "predecessors in interest" are vague and ambiguous. Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the same. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants admit that Pfizer, Pharmacia, and Searle do business in the State of Minnesota. Defendants are without knowledge sufficient to form a belief as to the allegations in this paragraph of the Complaint regarding the amount in controversy, and, therefore, deny the same. However, Defendants admit that Plaintiff claims the amount in controversy satisfies the jurisdictional amount of this Court. Defendants deny the remaining allegations in this paragraph of the Complaint.

**Response to Factual Allegations**

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny that Celebrex® caused Plaintiff injury or damages and deny the remaining allegations in this

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that the allegations in this paragraph of the Complaint regarding aspirin, naproxen, and ibuprofen are not directed toward Defendants, and, therefore, no response is required. Defendants admit that Celebrex® is in a class of drugs that are, at times, referred to as being a non-steroidal anti-inflammatory ("NSAID") drugs. Defendants deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that the allegations in this paragraph of the Complaint are not directed

2    toward Defendants and, therefore, no response is required.  To the extent that a response is

3    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

4    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

5    or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

6    Defendants state that the allegations in this paragraph of the Complaint are not directed

7    toward Defendants and, therefore, no response is required.  To the extent that a response is

8    deemed required, Defendants state that Plaintiff fails to provide the proper context for the

9    allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

10   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

11   Defendants state that the allegations in this paragraph of the Complaint are not directed

12   toward Defendants and, therefore, no response is required.  To the extent that a response is

13   deemed required, Defendants state that Plaintiff fails to provide the proper context for the

14   allegations in this paragraph of the Complaint.  Defendants therefore lack sufficient information

15   or knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

16   Defendants state that the allegations in this paragraph of the Complaint are not directed

17   toward Defendants and, therefore, no response is required.  To the extent a response is deemed

18   required, Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

19   mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis,

20   primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in

21   humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme."  Plaintiff fails to

22   provide the proper context for the remaining allegations in this paragraph and Defendants

23   therefore lack sufficient information or knowledge to form a belief as to the truth of the

24   allegations and, therefore, deny the remaining allegations in this paragraph of the Complaint.

25   Defendants state that the allegations in this paragraph of the Complaint regarding

26   "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or

27   information sufficient to form a belief as to the truth of such allegations, and, therefore, deny the

28   same.  Defendants state that, as stated in the FDA-approved labeling for Celebrex®, "[t]he

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-7-

mechanism of action of Celebrex is believed to be due to inhibition of prostaglandin synthesis, primarily via inhibition of cyclooxygenase-2 (COX-2), and at therapeutic concentrations in humans, Celebrex does not inhibit the cyclooxygenase-1 (COX-1) isoenzyme." Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants admit that Searle submitted a New Drug Application ("NDA") for Celebrex® on June 29, 1998. Defendants admit that, on December 31, 1998, the FDA granted approval of Celebrex® for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; and (2) for relief of the signs and symptoms of rheumatoid arthritis in adults. Defendants admit that, on December 23, 1999, the FDA granted approval of Celebrex® to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis ("FAP") as an adjunct to usual care (e.g., endoscopic surveillance surgery). Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants admit that Celebrex® was launched in February 1999. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-8-

1    allegations in this paragraph of the Complaint.

2        Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5        Defendants state that the referenced article speaks for itself and respectfully refer the

6    Court to the article for its actual language and text.  Any attempt to characterize the article is

7    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8        Defendants state that the referenced FDA Update speaks for itself and respectfully refer

9    the Court to the FDA Update for its actual language and text.  Any attempt to characterize the

10   FDA Update is denied.  Defendants deny the remaining allegations in this paragraph of the

11   Complaint.

12       Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants state that the potential effects of

14   Celebrex® were and are adequately described in its FDA-approved prescribing information,

15   which was at all times adequate and comported with applicable standards of care and law.

16   Defendants deny the allegations in this paragraph of the Complaint.

17       Defendants state that Celebrex® was and is safe and effective when used in accordance

18   with its FDA-approved prescribing information.  Defendants state that the potential effects of

19   Celebrex® were and are adequately described in its FDA-approved prescribing information,

20   which was at all times adequate and comported with applicable standards of care and law.

21   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

22   the Complaint.

23       Defendants admit that a supplemental NDA for Celebrex® was submitted to the FDA on

24   June 12, 2000.  Defendants assert that the submission speaks for itself and any attempt to

25   characterize it is denied.  Defendants admit that a Medical Officer Review dated September 20,

26   2000, was completed by the FDA.  Defendants state that the referenced study speaks for itself

27   and respectfully refer the Court to the study for its actual language and text.  Any attempt to

28   characterize the study is denied.  Defendants deny the remaining allegations in this paragraph of

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    the Complaint.

2         Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

5         Defendants state that the referenced study speaks for itself and respectfully refer the

6    Court to the study for its actual language and text.  Any attempt to characterize the study is

7    denied.  Defendants deny any wrongful conduct and deny the remaining allegations in this

8    paragraph of the Complaint.

9         Defendants state that the referenced Medical Officer Review speaks for itself and

10   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

11   attempt to characterize the Medical Officer Review is denied.  Defendants state that the

12   referenced study speaks for itself and respectfully refer the Court to the study for its actual

13   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

14   remaining allegations in this paragraph of the Complaint.

15        Defendants state that the transcripts of the FDA Arthritis Drugs Advisory Committee

16   hearings speak for themselves and respectfully refer the Court to the transcripts for their actual

17   language and text.  Any attempt to characterize the transcripts is denied.  Defendants state that

18   the referenced study speaks for itself and respectfully refer the Court to the study for its actual

19   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

20   remaining allegations in this paragraph of the Complaint.

21        Defendants state that the referenced articles speak for themselves and respectfully refer

22   the Court to the articles for their actual language and text.  Any attempt to characterize the

23   articles is denied.  Defendants state that the referenced study speaks for itself and respectfully

24   refer the Court to the study for its actual language and text.  Any attempt to characterize the

25   study is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

26        Defendants state that the referenced article speaks for itself and respectfully refer the

27   Court to the article for its actual language and text.  Any attempt to characterize the article is

28   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    Defendants state that the referenced articles speak for themselves and respectfully refer

2  the Court to the articles for their actual language and text.  Any attempt to characterize the

3  articles is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

4    Defendants state that the referenced article speaks for itself and respectfully refer the

5  Court to the article for its actual language and text.  Any attempt to characterize the article is

6  denied.  Defendants state that the referenced study speaks for itself and respectfully refer the

7  Court to the study for its actual language and text.  Any attempt to characterize the study is

8  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

9    Defendants state that the referenced Medical Officer Review speaks for itself and

10  respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

11  attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

12  allegations in this paragraph of the Complaint.

13    Plaintiff fails to provide the proper context for the allegations concerning "Public

14  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

15  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

16  Defendants deny the remaining allegations in this paragraph of the Complaint.

17    Defendants state that the referenced article speaks for itself and respectfully refer the

18  Court to the article for its actual language and text.  Any attempt to characterize the article is

19  denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20    Defendants state that the referenced study speaks for itself and respectfully refer the

21  Court to the study for its actual language and text.  Any attempt to characterize the study is

22  denied.  Plaintiff fails to provide the proper context for the allegations concerning "Public

23  Citizen" in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

24  knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

25  Defendants deny the remaining allegations in this paragraph of the Complaint.

26    Defendants admit that there was a clinical trial called APC.  Defendants state that the

27  referenced article speaks for itself and respectfully refer the Court to the article for its actual

28  language and text.  Any attempt to characterize the article is denied.  Defendants deny the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    remaining allegations in this paragraph of the Complaint.

2        Defendants state that the referenced article speaks for itself and respectfully refer the

3    Court to the article for its actual language and text.  Any attempt to characterize the article is

4    denied.  Plaintiff fails to provide the proper context for the allegations concerning "Data Safety

5    Monitoring Board" in this paragraph of the Complaint.  Defendants therefore lack sufficient

6    information or knowledge to form a belief as to the truth of such allegations and, therefore, deny

7    the same.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8        Defendants state that the referenced article speaks for itself and respectfully refer the

9    Court to the article for its actual language and text.  Any attempt to characterize the article is

10   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

11       Defendants state that the referenced Alert for Healthcare Professionals speaks for itself

12   and respectfully refer the Court to the Alert for Healthcare Professionals for its actual language

13   and text.  Any attempt to characterize the Alert for Healthcare Professionals is denied.

14   Defendants deny the remaining allegations in this paragraph of the Complaint.

15       Defendants state that the referenced Medical Officer Review speaks for itself and

16   respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

17   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

18   allegations in this paragraph of the Complaint.

19       Defendants admit that there was a clinical trial called PreSAP.  Plaintiff fails to provide

20   the proper context for the allegations concerning "other Celebrex trials" contained in this

21   paragraph of the Complaint.  Defendants therefore lack sufficient information or knowledge to

22   form a belief as to the truth of such allegations and, therefore, deny the same.  As for the

23   allegations in this paragraph of the Complaint regarding the PreSAP study, Defendants state that

24   the referenced study speaks for itself and respectfully refer the Court to the study for its actual

25   language and text.  Any attempt to characterize the study is denied.  Defendants deny the

26   remaining allegations in this paragraph of the Complaint.

27       Defendants state that the referenced article speaks for itself and respectfully refer the

28   Court to the article for its actual language and text.  Any attempt to characterize the article is

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

2         Plaintiff fails to provide the proper context for the allegations regarding Merck and

3    Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient information or

4    knowledge to form a belief as to the truth of such allegations and, therefore, deny the same.

5    Defendants state that the referenced studies speak for themselves and respectfully refer the Court

6    to the studies for their actual language and text.  Any attempt to characterize the studies is

7    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

8         Defendants state that the referenced Medical Officer Review speaks for itself and

9    respectfully refer the Court to the Medical Officer Review for its actual language and text.  Any

10   attempt to characterize the Medical Officer Review is denied.  Defendants deny the remaining

11   allegations in this paragraph of the Complaint.

12        Defendants state that allegations regarding Vioxx® in this paragraph of the Complaint

13   are not directed toward Defendants, and therefore no response is required.  To the extent that a

14   response is deemed required, Plaintiff fails to provide the proper context for the allegations

15   regarding Vioxx® in this paragraph of the Complaint.  Defendants therefore lack sufficient

16   information or knowledge to form a belief as to the truth of such allegations and, therefore, deny

17   the same.  Defendants state that the referenced study speaks for itself and respectfully refer the

18   Court to the study for its actual language and text.  Any attempt to characterize the study is

19   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

20        Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

21   Complaint are not directed toward Defendants, and therefore no response is required.  To the

22   extent that a response is deemed required, Plaintiff fails to provide the proper context for the

23   allegations regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

24   therefore lack sufficient information or knowledge to form a belief as to the truth of such

25   allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for

26   itself and respectfully refer the Court to the study for its actual language and text.  Any attempt

27   to characterize the study is denied.  Defendants deny the remaining allegations in this paragraph

28   of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants state that allegations regarding Merck and Vioxx® in this paragraph of the

2    Complaint are not directed toward Defendants, and therefore no response is required.  To the

3    extent that a response is deemed required, Plaintiff fails to provide the proper context for the

4    allegations regarding Merck and Vioxx® in this paragraph of the Complaint.  Defendants

5    therefore lack sufficient information or knowledge to form a belief as to the truth of such

6    allegations and, therefore, deny the same.  Defendants state that the referenced study speaks for

7    itself and respectfully refer the Court to the study for its actual language and text.  Any attempt

8    to characterize the study is denied.  Defendants state that the referenced article speaks for itself

9    and respectfully refer the Court to the article for its actual language and text.  Any attempt to

10   characterize the article is denied.  Defendants deny the remaining allegations in this paragraph of

11   the Complaint.

12   Defendants state that Celebrex® was and is safe and effective when used in accordance

13   with its FDA-approved prescribing information.  Defendants deny the allegations in this

14   paragraph of the Complaint.

15   Defendants state that the referenced article speaks for itself and respectfully refer the

16   Court to the article for its actual language and text.  Any attempt to characterize the article is

17   denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

18   Defendants state that allegations in this paragraph of the Complaint are not directed

19   toward Defendants, and therefore no response is required.  To the extent that a response is

20   deemed required, Defendants state that the referenced article speaks for itself and respectfully

21   refer the Court to the article for its actual language and text.  Any attempt to characterize the

22   article is denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

23   Defendants deny the allegations in this paragraph of the Complaint.

24   Defendants state that Celebrex® was and is safe and effective when used in accordance

25   with its FDA-approved prescribing information.  Defendants state that the potential effects of

26   Celebrex® were and are adequately described in its FDA-approved prescribing information,

27   which was at all times adequate and comported with applicable standards of care and law.

28   Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

-14-

1   remaining allegations contained in this paragraph of the Complaint.

2          Defendants deny any wrongful conduct and deny the remaining allegations contained in

3   this paragraph of the Complaint.

4          Defendants deny any wrongful conduct and deny the remaining allegations contained in

5   this paragraph of the Complaint.

6          Defendants state that Celebrex® was and is safe and effective when used in accordance

7   with its FDA-approved prescribing information.  Defendants state that the potential effects of

8   Celebrex® were and are adequately described in its FDA-approved prescribing information,

9   which was at all times adequate and comported with applicable standards of care and law.

10  Defendants deny any wrongful conduct and deny the remaining allegations contained in this

11  paragraph of the Complaint.

12         Defendants are without knowledge or information sufficient to form a belief as to the

13  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

14  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

15  effective when used in accordance with its FDA-approved prescribing information.  Defendants

16  state that the potential effects of Celebrex® were and are adequately described in its FDA-

17  approved prescribing information, which was at all times adequate and comported with

18  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

19  Celebrex® is unreasonably dangerous, and deny the remaining allegations in this paragraph of

20  the Complaint.

21         Defendants admit that the FDA Division of Drug Marketing, Advertising, and

22  Communications ("DDMAC") sent letters to Searle dated October 6, 1999, April 6, 2000, and

23  November 14, 2000.  Defendants state that the referenced letters speak for themselves and

24  respectfully refer the Court to the letters for their actual language and text.  Any attempt to

25  characterize the letters is denied.  Defendants deny the remaining allegations in this paragraph of

26  the Complaint.

27         Defendants admit that the DDMAC sent a letter to Pharmacia dated February 1, 2001.

28  Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    letter for its actual language and text.  Any attempt to characterize the letter is denied.

2    Defendants deny the remaining allegations in this paragraph of the Complaint.

3         Defendants state that the referenced article speaks for itself and respectfully refer the

4    Court to the article for its actual language and text.  Any attempt to characterize the article is

5    denied.  Defendants deny the remaining allegations in this paragraph of the Complaint.

6         Defendants admit that the DDMAC sent a letter to Pfizer dated January 10, 2005.

7    Defendants state that the referenced letter speaks for itself and respectfully refer the Court to the

8    letter for its actual language and text.  Any attempt to characterize the letter is denied.

9    Defendants deny the remaining allegations in this paragraph of the Complaint.

10        Defendants state that Celebrex® was and is safe and effective when used in accordance

11   with its FDA-approved prescribing information.  Defendants state that the potential effects of

12   Celebrex® were and are adequately described in its FDA-approved prescribing information,

13   which was at all times adequate and comported with applicable standards of care and law.

14   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

15   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

16   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

17   admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

18   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

19   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

20   accordance with their approval by the FDA.  Defendants deny the remaining allegations in this

21   paragraph of the Complaint.

22        Defendants state that Celebrex® was and is safe and effective when used in accordance

23   with its FDA-approved prescribing information.  Defendants state that the potential effects of

24   Celebrex® were and are adequately described in its FDA-approved prescribing information,

25   which was at all times adequate and comported with applicable standards of care and law.

26   Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-

27   promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

28   law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-02110-CRB

admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law.  Defendants state that Plaintiff's allegations regarding "predecessors in interest" are vague and ambiguous.  Defendants are without knowledge or information to form a belief as to the truth of such allegations, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which at all times was adequate and comported with applicable standards of care and law. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA.  Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

2   the Complaint.

3        Defendants deny the allegations in this paragraph of the Complaint.

4        Defendants state that Celebrex® was and is safe and effective when used in accordance

5   with its FDA-approved prescribing information.  Defendants state that the potential effects of

6   Celebrex® were and are adequately described in its FDA-approved prescribing information,

7   which was at all times adequate and comported with applicable standards of care and law.

8   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

9   the Complaint.

10       Defendants state that Celebrex® was and is safe and effective when used in accordance

11  with its FDA-approved prescribing information.  Defendants state that the potential effects of

12  Celebrex® were and are adequately described in its FDA-approved prescribing information,

13  which was at all times adequate and comported with applicable standards of care and law.

14  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

15  the Complaint.

16       Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that

19  Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this

20  paragraph of the Complaint.

21       Defendants state that Celebrex® was and is safe and effective when used in accordance

22  with its FDA-approved prescribing information.  Defendants state that the potential effects of

23  Celebrex® were and are adequately described in its FDA-approved prescribing information,

24  which was at all times adequate and comported with applicable standards of care and law.

25  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

26  remaining allegations in this paragraph of the Complaint.

27       Defendants state that Celebrex® was and is safe and effective when used in accordance

28  with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-19-

1   Celebrex® are and were adequately described in its FDA-approved prescribing information,

2   which was at all times adequate and comported with applicable standards of care and law.

3   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4   the Complaint.

5         Defendants state that Celebrex® was and is safe and effective when used in accordance

6   with its FDA-approved prescribing information.  Defendants state that the potential effects of

7   Celebrex® are and were adequately described in its FDA-approved prescribing information,

8   which was at all times adequate and comported with applicable standards of care and law.

9   Defendants state that the referenced study speaks for itself and respectfully refer the Court to the

10  study for its actual language and text.  Any attempt to characterize the study is denied.

11  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12  the Complaint.

13        Defendants deny any wrongful conduct and deny the remaining allegations in this

14  paragraph of the Complaint.

15        Defendants are without knowledge or information sufficient to form a belief as to the

16  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

17  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

18  effective when used in accordance with its FDA-approved prescribing information.  Defendants

19  state that the potential effects of Celebrex® are and were adequately described in its FDA-

20  approved prescribing information, which was at all times adequate and comported with

21  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

22  remaining allegations in this paragraph of the Complaint.

23        **Response to First Cause of Action: Negligence**

24        Defendants incorporate by reference their responses to each paragraph of Plaintiff's

25  Complaint as if fully set forth herein.

26        Defendants state that this paragraph of the Complaint contains legal contentions to which

27  no response is required.  To the extent that a response is deemed required, Defendants admit that

28  they had duties as are imposed by law but deny having breached such duties.  Defendants state

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-20-

1   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

2   prescribing information. Defendants state that the potential effects of Celebrex® were and are

3   adequately described in its FDA-approved prescribing information, which was at all times

4   adequate and comported with applicable standards of care and law. Defendants deny any

5   wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

6        Defendants state that this paragraph of the Complaint contains legal contentions to which

7   no response is required. To the extent that a response is deemed required, Defendants admit that

8   they had duties as are imposed by law but denies having breached such duties. Defendants state

9   that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

10  prescribing information. Defendants state that the potential effects of Celebrex® were and are

11  adequately described in its FDA-approved prescribing information, which was at all times

12  adequate and comported with applicable standards of care and law. Defendants deny any

13  wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

14       Defendants state that this paragraph of the Complaint contains legal contentions to which

15  no response is required. To the extent that a response is deemed required, Defendants admit that

16  they had duties as are imposed by law but deny having breached such duties. Defendants are

17  without knowledge or information sufficient to form a belief as to the truth of the allegations in

18  this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny

19  the same. Defendants state that Celebrex® was and is safe and effective when used in

20  accordance with its FDA-approved prescribing information. Defendants state that the potential

21  effects of Celebrex® were and are adequately described in its FDA-approved prescribing

22  information, which was at all times adequate and comported with applicable standards of care

23  and law. Defendants deny any wrongful conduct and deny the remaining allegations in this

24  paragraph of the Complaint, including all subparts.

25       Defendants are without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

27  Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

28  effective when used in accordance with its FDA-approved prescribing information. Defendants

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding Plaintiff's medical condition or whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Answering the unnumbered paragraph following Paragraph 92 of the Complaint, Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this paragraph of the Complaint.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## Response to Second Cause of Action: Strict Liability

Defendants incorporate by reference their responses to each paragraph of Plaintiff's Complaint as if fully set forth herein.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle, which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States to be prescribed by healthcare providers who are by law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably dangerous, and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct, deny that Celebrex® is defective or unreasonably

4  dangerous, and deny the remaining allegations in this paragraph of the Complaint.

5      Defendants state that Celebrex® was and is safe and effective when used in accordance

6  with its FDA-approved prescribing information.  Defendants state that the potential effects of

7  Celebrex® were and are adequately described in its FDA-approved prescribing information,

8  which was at all times adequate and comported with applicable standards of care and law.

9  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

10  remaining allegations in this paragraph of the Complaint.

11      Defendants state that Celebrex® was and is safe and effective when used in accordance

12  with its FDA-approved prescribing information.  Defendants state that the potential effects of

13  Celebrex® were and are adequately described in its FDA-approved prescribing information,

14  which was at all times adequate and comported with applicable standards of care and law.

15  Defendants deny any wrongful conduct, deny that Celebrex® is defective, and deny the

16  remaining allegations in this paragraph of the Complaint.

17      Defendants are without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

20  effective when used in accordance with its FDA-approved prescribing information.  Defendants

21  state that the potential effects of Celebrex® were and are adequately described in its FDA-

22  approved prescribing information, which was at all times adequate and comported with

23  applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

24  Celebrex® is defective, deny that Celebrex® caused Plaintiff injury or damages, and deny the

25  remaining allegations in this paragraph of the Complaint.

26      Defendants state that Celebrex® was and is safe and effective when used in accordance

27  with its FDA-approved prescribing information.  Defendants state that the potential effects of

28  Celebrex® were and are adequately described in its FDA-approved prescribing information,

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-24-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    which was at all times adequate and comported with applicable standards of care and law.

2    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

3    the Complaint.

4          Defendants are without knowledge or information sufficient to form a belief as to the

5    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6    Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

7    effective when used in accordance with its FDA-approved prescribing information.  Defendants

8    state that the potential effects of Celebrex® were and are adequately described in its FDA-

9    approved prescribing information, which was at all times adequate and comported with

10   applicable standards of care and law.  Defendants deny any wrongful conduct, deny that

11   Celebrex® caused Plaintiff injury or damages, and deny the remaining allegations in this

12   paragraph of the Complaint.

13         Defendants state that Celebrex® was and is safe and effective when used in accordance

14   with its FDA-approved prescribing information.  Defendants state that the potential effects of

15   Celebrex® were and are adequately described in its FDA-approved prescribing information,

16   which was at all times adequate and comported with applicable standards of care and law.

17   Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18   the Complaint.

19         Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21   Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22   effective when used in accordance with its FDA-approved prescribing information.  Defendants

23   state that the potential effects of Celebrex® were and are adequately described in its FDA-

24   approved prescribing information, which was at all times adequate and comported with

25   applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26   remaining allegations in this paragraph of the Complaint

27         Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

28   damages, and deny the remaining allegations in this paragraph of the Complaint.

-25-

1    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

2    damages, and deny the remaining allegations in this paragraph of the Complaint.

3    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

4    damages, and deny the remaining allegations in this paragraph of the Complaint.

5    **Response to Third Cause of Action: Breach of Express Warranty**

6    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

7    Complaint as if fully set forth herein.

8    Defendants are without knowledge or information sufficient to form a belief as to the

9    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

11    effective when used in accordance with its FDA-approved prescribing information. Defendants

12    state that the potential effects of Celebrex® were and are adequately described in its FDA-

13    approved prescribing information, which was at all times adequate and comported with

14    applicable standards of care and law. Defendants admit to providing FDA-approved prescribing

15    information for Celebrex®. Defendants deny the remaining allegations in this paragraph of the

16    Complaint.

17    Defendants are without knowledge or information sufficient to form a belief as to the

18    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

19    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

20    effective when used in accordance with its FDA-approved prescribing information. Defendants

21    state that the potential effects of Celebrex® were and are adequately described in its FDA-

22    approved prescribing information, which was at all times adequate and comported with

23    applicable standards of care and law. Defendants admit to providing FDA-approved prescribing

24    information for Celebrex®. Defendants deny any wrongful conduct and deny the remaining

25    allegations in this paragraph of the Complaint, including all subparts.

26    Defendants admit to providing FDA-approved prescribing information for Celebrex®.

27    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

28    the Complaint.

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA 94111*

1    Defendants state that Celebrex® was and is safe and effective when used in accordance

2    with its FDA-approved prescribing information.  Defendants state that the potential effects of

3    Celebrex® were and are adequately described in its FDA-approved prescribing information,

4    which was at all times adequate and comported with applicable standards of care and law.

5    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

6    the Complaint.

7    Defendants state that Celebrex® was and is safe and effective when used in accordance

8    with its FDA-approved prescribing information.  Defendants state that the potential effects of

9    Celebrex® were and are adequately described in its FDA-approved prescribing information,

10    which was at all times adequate and comported with applicable standards of care and law.

11    Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

12    the Complaint.

13    Defendants are without knowledge or information sufficient to form a belief as to the

14    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

15    Celebrex®, and, therefore, deny the same.  Defendants state that the potential effects of

16    Celebrex® were and are adequately described in its FDA-approved prescribing information,

17    which was at all times adequate and comported with applicable standards of care and law.

18    Defendants admit to providing FDA-approved prescribing information for Celebrex®.

19    Defendants deny the remaining allegations in this paragraph of the Complaint.

20    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

21    damages, and deny the remaining allegations in this paragraph of the Complaint.

22    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

23    damages, and deny the remaining allegations in this paragraph of the Complaint.

24    Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

25    damages, and deny the remaining allegations in this paragraph of the Complaint.

26    **Response to Fourth Cause of Action: Breach of Implied Warranty**

27    Defendants incorporate by reference their responses to each paragraph of Plaintiff's

28    Complaint as if fully set forth herein.

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

2    co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

3    law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

4    admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

5    which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

6    to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

7    accordance with their approval by the FDA. Defendants deny the remaining allegations in this

8    paragraph of the Complaint.

9    Defendants state that Celebrex® was and is safe and effective when used in accordance

10    with its FDA-approved prescribing information. Defendants state that the potential effects of

11    Celebrex® were and are adequately described in its FDA-approved prescribing information,

12    which was at all times adequate and comported with applicable standards of care and law.

13    Defendants admit to providing FDA-approved prescribing information for Celebrex®.

14    Defendants deny the remaining allegations in this paragraph of the Complaint.

15    Defendants state that Celebrex® was and is safe and effective when used in accordance

16    with its FDA-approved prescribing information. Defendants state that the potential effects of

17    Celebrex® were and are adequately described in its FDA-approved prescribing information,

18    which was at all times adequate and comported with applicable standards of care and law.

19    Defendants deny the remaining allegations in this paragraph of the Complaint.

20    Defendants state that this paragraph of the Complaint contains legal contentions to which

21    no response is required. To the extent that a response is deemed required, Defendants state that

22    Celebrex® was and is safe and effective when used in accordance with its FDA-approved

23    prescribing information. Defendants state that the potential effects of Celebrex® were and are

24    adequately described in its FDA-approved prescribing information, which was at all times

25    adequate and comported with applicable standards of care and law. Defendants deny any

26    wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

27    Defendants are without knowledge or information sufficient to form a belief as to the

28    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® is a prescription medication which is approved by the FDA for the following indications: (1) for relief of the signs and symptoms of osteoarthritis; (2) for relief of the signs and symptoms of rheumatoid arthritis in adults; (3) for the management of acute pain in adults; (4) for the treatment of primary dysmenorrhea; (5) to reduce the number of adenomatous colorectal polyps in familial adenomatous polyposis (FAP) as an adjunct to usual care (e.g., endoscopic surveillance surgery); (6) for relief of signs and symptoms of ankylosing spondylitis; and (7) for relief of the signs and symptoms of juvenile rheumatoid arthritis in patients two years of age and older. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Defendants admit to providing FDA-approved prescribing information for Celebrex®. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that, in the ordinary case, Celebrex® was expected to reach users and consumers without substantial change from the time of sale. Defendants deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

approved prescribing information, which was at all times adequate and comported with

applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

remaining allegations in this paragraph of the Complaint.

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

damages, and deny the remaining allegations in this paragraph of the Complaint.

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

damages, and deny the remaining allegations in this paragraph of the Complaint.

Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

damages, and deny the remaining allegations in this paragraph of the Complaint.

**Response to Fifth Cause of Action: Fraudulent Misrepresentation and Concealment**

Defendants incorporate by reference their responses to each paragraph of Plaintiff's

Complaint as if fully set forth herein.

Defendants state that this paragraph of the Complaint contains legal contentions to which

no response is required.  To the extent that a response is deemed required, Defendants admit that

they had duties as are imposed by law but deny having breached such duties.  Defendants state

that Celebrex® was and is safe and effective when used in accordance with its FDA-approved

prescribing information.  Defendants state that the potential effects of Celebrex® were and are

adequately described in its FDA-approved prescribing information, which was at all times

adequate and comported with applicable standards of care and law.  Defendants deny any

wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of

Celebrex® were and are adequately described in its FDA-approved prescribing information,

which was at all times adequate and comported with applicable standards of care and law.

Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

the Complaint, including all subparts.

Defendants state that Celebrex® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Defendants state that the potential effects of

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  Celebrex® were and are adequately described in its FDA-approved prescribing information,

2  which was at all times adequate and comported with applicable standards of care and law.

3  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

4  the Complaint, including all subparts.

5        Defendants are without knowledge or information sufficient to form a belief as to the

6  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

7  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

8  effective when used in accordance with its FDA-approved prescribing information.  Defendants

9  state that the potential effects of Celebrex® were and are adequately described in its FDA-

10 approved prescribing information, which was at all times adequate and comported with

11 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

12 remaining allegations in this paragraph of the Complaint, including all subparts.

13       Defendants state that Celebrex® was and is safe and effective when used in accordance

14 with its FDA-approved prescribing information.  Defendants state that the potential effects of

15 Celebrex® were and are adequately described in its FDA-approved prescribing information,

16 which was at all times adequate and comported with applicable standards of care and law.

17 Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of

18 the Complaint.

19       Defendants are without knowledge or information sufficient to form a belief as to the

20 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

21 Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

22 effective when used in accordance with its FDA-approved prescribing information.  Defendants

23 state that the potential effects of Celebrex® were and are adequately described in its FDA-

24 approved prescribing information, which was at all times adequate and comported with

25 applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

26 remaining allegations in this paragraph of the Complaint.

27       Defendants are without knowledge or information sufficient to form a belief as to the

28 truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Defendants deny any wrongful conduct and deny the remaining allegations in this paragraph of the Complaint.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Defendants state that the potential effects of Celebrex® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

2    remaining allegations in this paragraph of the Complaint.

3        Defendants are without knowledge or information sufficient to form a belief as to the

4    truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

5    Celebrex®, and, therefore, deny the same. Defendants state that Celebrex® was and is safe and

6    effective when used in accordance with its FDA-approved prescribing information. Defendants

7    state that the potential effects of Celebrex® were and are adequately described in its FDA-

8    approved prescribing information, which was at all times adequate and comported with

9    applicable standards of care and law. Defendants deny any wrongful conduct and deny the

10   remaining allegations in this paragraph of the Complaint.

11       Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

12   damages, and deny the remaining allegations in this paragraph of the Complaint.

13       Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

14   damages, and deny the remaining allegations in this paragraph of the Complaint.

15       Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

16   damages, and deny the remaining allegations in this paragraph of the Complaint.

17                    **Response to Sixth Cause of Action: Unjust Enrichment**

18       Defendants incorporate by reference their responses to each paragraph of Plaintiff's

19   Complaint as if fully set forth herein.

20       Defendants admit that, during certain periods of time, Pfizer and Pharmacia marketed and

21   co-promoted Celebrex® in the United States to be prescribed by healthcare providers who are by

22   law authorized to prescribe drugs in accordance with their approval by the FDA. Defendants

23   admit that, during certain periods of time, Celebrex® was manufactured and packaged for Searle,

24   which developed, tested, marketed, co-promoted and distributed Celebrex® in the United States

25   to be prescribed by healthcare providers who are by law authorized to prescribe drugs in

26   accordance with their approval by the FDA. Defendants deny the remaining allegations in this

27   paragraph of the Complaint.

28       Defendants are without knowledge or information sufficient to form a belief as to the

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

2  Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

3  paragraph of the Complaint.

4          Defendants are without knowledge or information sufficient to form a belief as to the

5  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

6  Celebrex®, and, therefore, deny the same.  Defendants deny the remaining allegations in this

7  paragraph of the Complaint.

8          Defendants are without knowledge or information sufficient to form a belief as to the

9  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

10  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

11  effective when used in accordance with its FDA-approved prescribing information.  Defendants

12  state that the potential effects of Celebrex® were and are adequately described in its FDA-

13  approved prescribing information, which was at all times adequate and comported with

14  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

15  remaining allegations in this paragraph of the Complaint.

16          Defendants are without knowledge or information sufficient to form a belief as to the

17  truth of the allegations in this paragraph of the Complaint regarding whether Plaintiff used

18  Celebrex®, and, therefore, deny the same.  Defendants state that Celebrex® was and is safe and

19  effective when used in accordance with its FDA-approved prescribing information.  Defendants

20  state that the potential effects of Celebrex® were and are adequately described in its FDA-

21  approved prescribing information, which was at all times adequate and comported with

22  applicable standards of care and law.  Defendants deny any wrongful conduct and deny the

23  remaining allegations in this paragraph of the Complaint.

24          Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or

25  damages, and deny the remaining allegations in this paragraph of the Complaint.

26                      **<u>Response to Prayer For Relief</u>**

27          Answering the unnumbered paragraph of the Complaint headed "Prayer for Relief,"

28  Defendants deny any wrongful conduct, deny that Celebrex® caused Plaintiff injury or damages,

1    and deny the remaining allegations this paragraph of the Complaint, including all subparts.

2                                           **III.**

3                                   **GENERAL DENIAL**

4        Defendants deny the allegations and/or legal conclusions set forth in Plaintiff's

5    Complaint that have not been previously admitted, denied, or explained.

6                                           **IV.**

7                              **AFFIRMATIVE DEFENSES**

8        Defendants reserve the right to rely upon any of the following or additional defenses to

9    claims asserted by Plaintiff to the extent that such defenses are supported by information

10   developed through discovery or evidence at trial.  Defendants affirmatively show that:

11       The Complaint fails to state a claim upon which relief can be granted

12       Celebrex® is a prescription medical product.  The federal government has preempted the

13   field of law applicable to the labeling and warning of prescription medical products.

14   Defendants' labeling and warning of Celebrex® was at all times in compliance with applicable

15   federal law.  Plaintiff's causes of action against Defendants, therefore, fail to state a claim upon

16   which relief can be granted; such claims, if allowed, would conflict with applicable federal law

17   and violate the Supremacy Clause of the United States Constitution.

18       At all relevant times, Defendants provided proper warnings, information and instructions

19   for the drug in accordance with generally recognized and prevailing standards in existence at the

20   time.

21       At all relevant times, Defendants' warnings and instructions with respect to the use of

22   Celebrex® conformed to the generally recognized, reasonably available, and reliable state of

23   knowledge at the time the drug was manufactured, marketed and distributed.

24       Plaintiff's action is time-barred as it is filed outside of the time permitted by the

25   applicable Statute of Limitations, and same is pled in full bar of any liability as to Defendants.

26       Plaintiff's action is barred by the statute of repose.

27       If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

28   Complaint, the same were caused by the negligence or fault of the Plaintiff and Plaintiff's

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  damages, if any, are barred or reduced by the doctrines of comparative fault and contributory

2  negligence and by the failure to mitigate damages.

3      The proximate cause of the loss complained of by Plaintiff is not due to any acts or

4  omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part

5  of third parties unrelated to Defendants and for whose acts or omissions Defendants are not

6  liable in any way.

7      The acts and/or omissions of unrelated third parties as alleged constituted independent,

8  intervening causes for which Defendants cannot be liable.

9      Any injuries or expenses incurred by Plaintiff were not caused by Celebrex®, but were

10  proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act

11  of God.

12      Defendants affirmatively deny that they violated any duty owed to Plaintiff.

13      A manufacturer has no duty to warn patients or the general public of any risk,

14  contraindication, or adverse effect associated with the use of a prescription medical product.

15  Rather, the law requires that all such warnings and appropriate information be given to the

16  prescribing physician and the medical profession, which act as a "learned intermediary" in

17  determining the use of the product.  Celebrex® is a prescription medical product, available only

18  on the order of a licensed physician.  Celebrex® provided an adequate warning to Plaintiff's

19  treating and prescribing physicians.

20      The product at issue was not in a defective condition or unreasonably dangerous at the

21  time it left the control of the manufacturer or seller.

22      Celebrex® was at all times material to the Complaint reasonably safe and reasonably fit

23  for its intended use and the warnings and instructions accompanying Celebrex® at the time of

24  the occurrence of the injuries alleged by Plaintiff were legally adequate for its approved usages.

25      Plaintiff's causes of action are barred in whole or in part by the lack of a defect as the

26  Celebrex® allegedly ingested by Plaintiff was prepared in accordance with the applicable

27  standard of care.

28      If Plaintiff sustained any injuries or incurred any losses or damages as alleged in the

1    Complaint, the same were caused by the unforeseeable alteration, change, improper handling,

2    abnormal use, or other unforeseeable misuse of Celebrex® by persons other than Defendants or

3    persons acting on its behalf after the product left the control of Defendants.

4    Plaintiff's alleged damages were not caused by any failure to warn on the part of

5    Defendants.

6    Plaintiff's alleged injuries/damages, if any, were the result of preexisting or subsequent

7    conditions unrelated to Celebrex®.

8    Plaintiff knew or should have known of any risk associated with Celebrex®; therefore,

9    the doctrine of assumption of the risk bars or diminishes any recovery.

10   Plaintiff is barred from recovering against Defendants because Plaintiff's claims are

11   preempted in accordance with the Supremacy Clause of the United States Constitution and by the

12   Federal Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 *et seq*.

13   Plaintiff's claims are barred in whole or in part under the applicable state law because the

14   subject pharmaceutical product at issue was subject to and received pre-market approval by the

15   Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

16   The manufacture, distribution and sale of the pharmaceutical product referred to in

17   Plaintiff's Complaint were at all times in compliance with all federal regulations and statutes,

18   and Plaintiff's causes of action are preempted.

19   Plaintiff's claims are barred in whole or in part by the deference given to the primary

20   jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at

21   issue under applicable federal laws, regulations, and rules.

22   Plaintiff's claims are barred in whole or in part because there is no private right of action

23   concerning matters regulated by the Food and Drug Administration under applicable federal

24   laws, regulations, and rules.

25   Plaintiff's claims are barred in whole or in part because Defendants provided adequate

26   "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of

27   Comment j to Section 402A of the Restatement (Second) of Torts.

28   Plaintiff's claims are barred or limited to a product liability failure to warn claim because

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    Celebrex® is a prescription pharmaceutical drug and falls within the ambit of Restatement

2    (Second) of Torts § 402A, Comment k.

3        Plaintiff's claims are barred in whole or in part because the subject pharmaceutical

4    product at issue "provides net benefits for a class of patients" within the meaning of Comment f

5    to § 6 of the Restatement (Third) of Torts: Products Liability.

6        Plaintiff's claims are barred under § 4, *et seq*., of the Restatement (Third) of Torts:

7    Products Liability.

8        To the extent that Plaintiff is seeking punitive damages, Plaintiff has failed to plead facts

9    sufficient under the law to justify an award of punitive damages.

10       The imposition of punitive damages in this case would violate Defendants' rights to

11   procedural due process under the Fourteenth Amendment of the United States Constitution,

12   Article I, § 17 of the Constitution of the States of Minnesota, and the Constitution of the State of

13   Alabama, and would additionally violate Defendants' right to substantive due process under the

14   Fourteenth Amendment of the United States Constitution.

15       Plaintiff's claims for punitive damages are barred, in whole or in part, by the Fifth and

16   Fourteenth Amendments to the United States Constitution and are subject to all provisions of

17   Minnesota and Alabama law, including, but not limited to, Minn. Stat. § 549.191 (2006).

18       The imposition of punitive damages in this case would violate the First Amendment to

19   the United States Constitution.

20       Plaintiff's punitive damage claims are preempted by federal law.

21       In the event that reliance was placed upon Defendants' nonconformance to an express

22   representation, this action is barred as there was no reliance upon representations, if any, of

23   Defendants.

24       Plaintiff failed to provide Defendants with timely notice of any alleged nonconformance

25   to any express representation.

26       To the extent that Plaintiff's claims are based on a theory providing for liability without

27   proof of causation, the claims violate Defendants' rights under the United States Constitution.

28       Plaintiff's claims are barred, in whole or in part, because the advertisements, if any, and

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

To the extent that Plaintiff seeks punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, and the Full Faith and Credit Clause of the United States Constitution and the Constitutions of the States of Minnesota and Alabama. Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive damages based on out-of-state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiff; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiff and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6) lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, *Pacific Mutual Life Ins. Co. v. Haslip*, 499 U.S. 1 (1991), *TXO Production Corp. v. Alliance Resources, Inc.*, 509 U.S. 443 (1993); *BMW of North America, Inc. v. Gore*, 519 U.S. 559 (1996); and *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

The methods, standards, and techniques utilized with respect to the manufacture, design,

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

1    and marketing of Celebrex®, if any, used in this case, included adequate warnings and

2    instructions with respect to the product's use in the package insert and other literature, and

3    conformed to the generally recognized, reasonably available, and reliable state of the knowledge

4    at the time the product was marketed.

5         The claims asserted in the Complaint are barred because Celebrex® was designed, tested,

6    manufactured and labeled in accordance with the state-of-the-art industry standards existing at

7    the time of the sale.

8         If Plaintiff has sustained injuries or losses as alleged in the Complaint, upon information

9    and belief, such injuries and losses were caused by the actions of persons not having real or

10   apparent authority to take said actions on behalf of Defendants and over whom Defendants had

11   no control and for whom Defendants may not be held accountable.

12        The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

13   was not unreasonably dangerous or defective, was suitable for the purpose for which it was

14   intended, and was distributed with adequate and sufficient warnings.

15        Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches,

16   waiver, and/or estoppel.

17        Plaintiff's claims are barred because Plaintiff's injuries, if any, were the result of the pre-

18   existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,

19   subsequent medical conditions or natural courses of conditions of Plaintiff, and were

20   independent of or far removed from Defendants' conduct.

21        The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

22   did not proximately cause injuries or damages to Plaintiff.

23        The claims asserted in the Complaint are barred, in whole or in part, because Plaintiff did

24   not incur any ascertainable loss as a result of Defendants' conduct.

25        The claims asserted in the Complaint are barred, in whole or in part, because the

26   manufacturing, labeling, packaging, and any advertising of the product complied with the

27   applicable codes, standards and regulations established, adopted, promulgated or approved by

28   any applicable regulatory body, including but not limited to the United States, any state, and any

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   agency thereof.

2          The claims must be dismissed because Plaintiff would have taken Celebrex® even if the

3   product labeling contained the information that Plaintiff contends should have been provided.

4          The claims asserted in the Complaint are barred because the utility of Celebrex®

5   outweighed its risks.

6          Plaintiff's damages, if any, are barred or limited by the payments received from collateral

7   sources.

8          Defendants' liability, if any, can only be determined after the percentages of

9   responsibility of all persons who caused or contributed toward Plaintiff's alleged damages, if

10  any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants

11  and each and every other person whose fault could have contributed to the alleged injuries and

12  damages, if any, of Plaintiff.

13         Plaintiff's claims are barred, in whole or in part, by the doctrine of abstention in that the

14  common law gives deference to discretionary actions by the United States Food and Drug

15  Administration under the Federal Food, Drug, and Cosmetic Act.

16         The claims asserted in the Complaint are barred, in whole or in part, because Celebrex®

17  is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act

18  ("FDCA"), 21 U.S.C. §§ 301 *et seq.*, and regulations promulgated there under, and Plaintiff's

19  claims conflict with the FDCA, with the regulations promulgated by FDA to implement the

20  FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and

21  with the specific determinations by FDA specifying the language that should be used in the

22  labeling accompanying Celebrex®.  Accordingly, Plaintiff's claims are preempted by the

23  Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the

24  United States.

25         Plaintiff's misrepresentation allegations are not stated with the degree of particularity

26  required by Federal Rule of Civil Procedure 9(b) and should be dismissed.

27         Plaintiff's claim for punitive damages is barred pursuant to Minn. Stat. § 549.191.

28         Defendants reserve the right to supplement their assertion of defenses as they continue

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-41-

with their factual investigation of Plaintiff's claims.

## V.

### JURY DEMAND

Defendants hereby demand a trial by jury.

## VI.

### PRAYER

WHEREFORE, Defendants pray that Plaintiff takes nothing by this suit, that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which they may be justly entitled.

Dated: May 23, 2008                    GORDON & REES LLP


_____/s/_____
Stuart M. Gordon
Gordon & Rees
275 Battery Street, 20th Floor
San Francisco, CA 94111
T (415)986-5900
F (415) 986-8054
*Attorneys for Defendants Pfizer Inc.,*
*Pharmacia Corporation, and G.D. Searle LLC*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PFZR/1035934/5693139v.1

PFIZER. PHARMACIA AND G.D. SEARLE'S ANSWER TO COMPLAINT – 3:08-cv-02110-CRB

1  AMY W. SCHULMAN
   DLA PIPER LLP
2  1251 Avenue of the Americas
   New York, NY 10020
3  Telephone:  (212) 335-4500
   Facsimile:  (212) 335-4501
4  amy.schulman@dlapiper.com

5  STUART M. GORDON (SBN: 037477)
   GORDON & REES LLP
6  Embarcadero Center West
   275 Battery Street, Suite 2000
7  San Francisco, CA 94111
   Telephone:  (415) 986-5900
8  Facsimile:  (415) 986-8054
   sgordon@gordonrees.com

9
   Attorneys for Defendants
10 PFIZER INC., PHARMACIA CORPORATION,
   AND G.D. SEARLE LLC

11
                    UNITED STATES DISTRICT COURT
12
                  NORTHERN DISTRICT OF CALIFORNIA
13
                      SAN FRANCISCO DIVISION
14

15 IN RE BEXTRA AND CELEBREX          )  MDL Docket No. 1699
   MARKETING, SALES PRACTICES AND     )
16 PRODUCTS LIABILITY LITIGATION      )  CASE NO. 3:08-cv-02110-CRB
                                      )
17 *This document relates to*         )  **RULE 7.1 STATEMENT**
                                      )
18 NETRA THOMAS,                      )
                                      )
19           Plaintiff,               )  **JURY TRIAL DEMANDED**
                                      )
20      vs.                           )
                                      )
21 PFIZER, INC., PHARMACIA CORPORATION,)
   G.D. SEARLE LLC and MONSANTO       )
22 COMPANY,                           )
                                      )
23           Defendants.             )
                                      )

24         Pursuant to Federal Rule of Civil Procedure 7.1, Defendants Pfizer Inc. ("Pfizer"),

25 Pharmacia Corporation ("Pharmacia"), and G.D. Searle LLC ("Searle") submit this their

26 Corporate Disclosure Statement.  Defendants Pfizer, Pharmacia and Searle state:

27         1.      Defendant Pfizer Inc. does not have any parent corporations, and no publicly
                   traded company owns 10% or more of Pfizer Inc.'s stock.
28

Gordon & Rees, LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1

2.    Defendant Pharmacia Corporation is a wholly-owned subsidiary of Defendant
Pfizer Inc.

2

3

3.    Defendant G.D. Searle LLC is a limited liability company whose sole member is
Pharmacia & Upjohn Company LLC, which is a limited liability company whose
sole member is Pharmacia & Upjohn LLC, which is a limited liability company
whose sole member is Pharmacia Corporation.

4

5

May 23, 2008                               GORDON & REES LLP

6

7

8

By:         /s/

Stuart M. Gordon
sgordon@gordonrees.com
Embarcadero Center West
275 Battery Street, 20th Floor
San Francisco, CA  94111
Telephone:  (415) 986-5900
Fax:  (415) 986-8054

9

10

11

12

13

Attorneys for Defendants
PFIZER INC, PHARMACIA
CORPORATION, and G.D. SEARLE
LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Gordon & Rees, LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**